## Leo J. Scherrer v. Charles Baltzer.

1. TRESPASS—*Liability of One Joint Trespasser.*—When two persons jointly commit a trespass and one of them is sued therefor, the plaintiff can not give in evidence against the one sued, in aggravation of damages, the distinct and unconnected acts of the other.

2. DAMAGES—*Duty of a Person Injured.*—It is the duty of a party whose property is injured to make reasonable efforts to avoid damages therefor, and such damages as might, by reasonable diligence on his part, have been avoided, are not to be regarded as the natural and probable result of the acts in question. There can be no recovery for damages which might have been prevented by reasonable effort on the part of the person injured.

Trespass, to real property. Trial in the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the February term, 1899. Reversed and remanded. Opinion filed September 5, 1899.

Scherrer v. Baltzer.

WISE & McNULTY, attorneys for appellant.

ALEXANDER FLANNIGEN, attorney for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in trespass in the City Court of East St. Louis, by appellee against appellant. Trial by jury. Verdict and judgment in favor of appellee against appellant.

The declaration consists of one count, alleging that on the 30th of June, 1896, appellee was in possession of a certain building containing a store room in which appellee had recently carried on the butcher business; that on said day appellant, with force and arms, broke open said store room, and put one George Kohler into possession thereof, and that appellant then and there caused appellee's goods and fixtures used by him in said business to be cast out of said room and destroyed.

To this declaration appellant filed three pleas : not guilty, a plea averring in detail certain facts which amounted to no more than a plea of not guilty, and a plea that appellant entered by leave and license.

The evidence tends to prove that appellee and one Julius Hirth had leased from the owner thereof the building; that appellee occupied the living rooms in the building as a residence; that he and Hirth occupied the store room in question as partners in the grocery and butcher business; that appellee and Hirth each had a key to the store; that Hirth, without the consent of appellee, sold out the grocery interest in the business and assigned his interest in the lease to said Kohler, and gave his key to appellant, who was the agent of the owner of the building; that appellant and Kohler went to the premises with a load of goods and entered the store and demanded possession of the store; that appellee ordered them out and they went out, and appellee fastened the door up with nails; that appellant then, by force, broke open the door, and Kohler and his men rushed in with the goods and continued to occupy the store; that appellee had at the time in the store an ice-box, a

meat-rack, and butcher's tools, worth altogether $175; that about two months after the breaking and entry Kohler removed appellee's outfit to the porch outside of the building, where it remained for about seven months, during which time it rotted and went to waste.

The testimony clearly shows that appellant had nothing whatever to do with the occupying of the store room after Kohler entered, nor with the removal of appellee's outfit from the store room to the porch.

Of the numerous errors assigned we deem it important to discuss only two of them—that the court admitted on behalf of appellee improper evidence, and that the court gave on behalf of appellee an improper instruction.

During the trial the court admitted, over the objection of appellant, evidence to prove that about two months after the entry complained of Kohler removed appellee's ice-box, meat-rack and butcher's tools out of the store onto a porch outside of the building, and that they remained there until they rotted and were lost or destroyed. It is not claimed that appellant was in any manner connected with the removal or loss of any of these articles. This was error. There is no connection between the breaking and entry into the store and the removal of appellee's property by Kohler two months thereafter. When two persons jointly commit a trespass and one of them is sued therefor, the plaintiff can not give in evidence against the one sued, in aggravation of damages, the distinct and unconnected acts of the other. Hilliard on Torts, 2d Vol., p. 461. Higby v. Williams, 16 Johns. 214.

The evidence shows that during all the seven months that appellee's property was left on the porch, during which time he claims it rotted and went to waste, appellee was living in the same building, had full knowledge of the condition of his property, and made no effort to take care of it himself, nor does he offer any excuse or explanation for not doing so.

"As it is the duty of a party injured * * * to make reasonable effort to avoid damages therefor, such damages

as might, by reasonable diligence on his part, have been avoided, are not to be regarded as the natural and probable result of defendant's acts. There can be no recovery therefore for damages which might have been prevented by reasonable effort on the part of the person injured." American & English Ency. of Law, 2d Ed., Vol. 8, p. 605.

The court gave on behalf of appellee the following instruction:

"The court instructs the jury that where a person is in peaceable possession of the premises, either rightfully or wrongfully, he can only be dispossessed or put out of possession by a due process of law, and not by force, and if you believe from the evidence that the plaintiff was in peaceable possession of the premises described in the declaration, and that the defendant forcibly kicked, pushed or broke open the outside door of said premises, or caused or procured the same to be done, then the jury should find the defendant guilty and find for the plaintiff in such sum for damages as you may believe from the evidence he has sustained."

This instruction authorized the jury to find for appellee against appellant for such sum for damages as they believed from the evidence he had sustained. It leaves entirely out of question appellee's own want of care of his property after it was put out of the building, makes appellant responsible for the act of putting it out, with which he had no kind of connection, and leaves him liable for the full value of the property, which, if lost or destroyed at all, was wholly the result of the distinct and unconnected act of Kohler and the want of reasonable diligence on the part of appellee. The giving of this instruction was error.

We do not agree with counsel for appellant that the court ought to have directed the jury to return a verdict of not guilty, but we do agree with them that their client did not have a fair trial.

The judgment of the Circuit Court is reversed and the cause remanded.